**In re David C. Starr**

*Robert J. Shostak,* for Department of Environmental Resources.

*David C. Starr,* applicant, p.p.

MALIN, Chairman, November 16, 1972.—This matter is before the board on an appeal filed by David C. Starr (appellant) from an order of the Department of Environmental Resources (department) under the terms of which appellant was denied permission to connect a home, converted into a duplex, and three proposed duplexes to the sanitary sewers tributing to the sewage treatment plant of the Borough of Zelienople.

A hearing was held before Louis R. Salamon, Esq., hearing examiner, on August 25, 1972. Appellant was not represented by counsel at the hearing. Appellant did, however, recognize that he had the privilege of procuring counsel, and refused a suggestion that the hearing be recessed until counsel could be hired. The parties waived filing of briefs.

The board makes the following

## FINDINGS OF FACT

1. Appellant is the owner of a parcel of land situate in the Borough of Zelienople, known as 100 McKim Street, which he purchased on November 6, 1971.

2. At the time when appellant purchased said parcel, a two-story frame house and a separate two-car garage were erected thereon.

3. Appellant visited the office of the building officer of the Borough of Zelienople and sought permission to convert the existing two-story frame house to a duplex, to erect four townhouses on said parcel and to erect an additional duplex thereon.

4. On November 22, 1971, the building officer of the Borough of Zelienople issued a building permit to

appellant to remodel the existing two-story frame house into a two-apartment dwelling.

5. Appellant and the building officer discussed the building of three new duplexes instead of the building of four townhouses on said parcel of land, at the time when appellant visited the office of the building officer.

6. Appellant did not receive a written permit to construct either new townshouses or new duplexes on November 22, 1971, or at any time thereafter.

7. In reliance upon the permit which appellant received to remodel the existing two-story frame house into a two-apartment dwelling, appellant has done considerable work, including installing an exterior stairway and erecting a considerable number of new partitions.

8. Appellant's two apartment dwelling has never been occupied since he purchased it, although it has always been connected to the Zelienople sewerage system.

9. On April 1, 1972, the department issued an order to the Municipal Authority of the Borough of Zelienople and to the Borough of Zelienople whereby said entities were prohibited from constructing, building, allowing or permitting any sewage connection by any residence, commercial business or industry to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority sewage treatment plant.

10. This order was issued as the result of hydraulic overload at said sewage treatment plant and as the result of excessive sewage flow thereto, which created a condition whereby untreated or improperly treated sewage was being discharged into the waters of the Commonwealth.

11. In early April 1972, appellant visited the building officer of the Borough of Zelienople, sought permission to begin construction on his new duplexes, and was refused permission to construct due to the imposition of the sewer connection ban set forth in the Order of April 1, 1972.

12. On April 26, 1972, and on May 19, 1972, appellant made written requests to the department for permission to connect his proposed duplexes to the Zelienople sewerage system.

13. On May 24, 1972, the department notified appellant that his said requests were refused because of the imposition of the sewer ban on April 1, 1972.

14. Appellant claims that he had verbal approval from the building officer of the Borough of Zelienople for the erection of three new duplexes on his said land prior to the sewer connection ban of April 1, 1972, but appellant did not call the said building officer or any other borough official to corroborate his claim at the hearing on this appeal.

15. Appellant has cut down trees on his property and he has performed some excavation thereon, but he has never commenced construction of any new dwellings or structures on his property.

16. Appellant's failure to secure a written permit or permits for the construction of new dwellings on his property was not the result of a delay caused by any official of the Borough of Zelienople or by any other governmental official or entity.

## DISCUSSION

On April 1, 1972, the department issued an order to the Municipal Authority of the Borough of Zelienople and to the Borough of Zelienople, by the terms of which both entities were prohibited from constructing, building, allowing or permitting any sewage connec-

tion by any residence, commercial business or industry to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority sewage treatment plant.

This order was issued as the result of hydraulic overload at said sewage treatment plant and as the result of excessive sewage flow thereto, which created a condition whereby untreated or improperly treated sewage was being discharged into the waters of the Commonwealth.

The issuance of such an order is authorized under section 203(b) of The Clean Streams Act of June 22, 1937, P. L. 1987, as amended, 35 PS §691.203(b), which provides, in pertinent part, as follows:

"(b) . . . Whether or not such reports are required or received by the department, the department may issue appropriate orders to municipalities where such orders are found to be necessary to assure that there will be adequate sewer systems and treatment facilities to meet present and future needs or otherwise to meet the objectives of this act. . . . Such orders may prohibit sewer system extensions, additional connections, or any other action that would result in an increase in the sewage that would be discharged into an existing sewer system or treatment facility."

Appellant sought from the department an exception to the sewer connection ban in order that he could connect to the Zelienople sewerage system an existing two story house which he has converted into a duplex, and three duplexes which he proposes to build on his property. The department rejected appellant's request.

In its order of April 1, 1972, by which the sewer connection ban was imposed in Zelienople, the department provided for no exception from the strict terms thereof.

Although the department has never promulgated

regulations dealing with exceptions from sewer connection bans, the Department, as a matter of policy, has permitted such exceptions in certain situations. Furthermore, this board, in deciding the appeal of Alan Mitchell Corporation, docket no. 71-108, June 7, 1972, stated at pages 6-7:

"The Department may properly promulgate in accordance with statutory procedures, any regulations it chooses regarding exceptions to its sewer bans. The public is entitled to know in advance what the exceptions are, if any. This Board, on the other hand, will continue to determine whether the exceptions are being properly and fairly construed. In addition, the Board alone, governed by settled equitable principles, may grant an exception not specifically and previously authorized by the Department regulations."

We note with some concern that regulations governing exceptions to sewer bans have not been adopted even though population and building pressures continue to mount and more sewage facilities are becoming overloaded.

We find that appellant's request for an exception from the sewer connection ban to connect his existing two-story house, which he has converted into a duplex, to the Zelienople sewer system should be granted, while his request for a similar exception with regard to the three duplexes which he proposed to build on his property must be refused.

Appellant obtained a permit to remodel his existing two-story house into a two-apartment dwelling on November 22, 1971. In reliance upon that permit, he began the remodeling and has almost completed it. Although this two-apartment dwelling was not occupied prior to the date of the sewer connection ban, it was always connected to the Zelienople sewerage

system. We conclude that appellant has a vested right to occupy or to have his tenants occupy said two-apartment dwelling and to connect the sanitary facilities therein to the Zelienople sewerage system. A building which is already connected to the sewer system is within the exceptions granted by the department in that the buildings were constructed and connected prior to the ban. There is no equitable distinction between an exception granted because a building permit was issued prior to the ban, a recognized exception, and a case where a building has been built and connected but unoccupied. If anything, the latter is a stronger case.

Appellant's request for an exception with regard to his proposed duplexes stands on a different footing. He has never received a permit from the Borough of Zelienople to construct any new duplexes on his property. He has never commenced construction on his proposed duplexes.

Appellant takes the position that he should be permitted to connect his proposed duplexes to the Zelienople sewerage system because the building officer verbally approved the proposed duplexes prior to the date of the imposition of the sewer connection ban by the department.

The board has no way to evaluate the truth of this allegation because appellant failed to call the building officer or any other borough official as a witness to corroborate it.

We are left with appellant's hearsay testimony as to the existence of a verbal approval of his proposed construction. While we are not bound by technical rules of evidence, we cannot base a finding of fact upon incompetent testimony, to which, incidentally, counsel for the Commonwealth made timely objection.

See Glen Alden Coal Co. v. Unemployment Compensation Board of Review, 168 Pa. Superior Ct. 534, 79 A. 2d 796 (1951).

Although appellant may have informally requested permission from the building officer, there is no competent evidence in the record of this proceeding to even suggest that approval was granted. There is absolutely no evidence in the record of this proceeding to suggest that appellant was the victim of inaction, delay or discrimination by the Borough of Zelienople or its officials and its employes. On the contrary, a study of the record reveals that appellant failed to properly process the request that he made for permission to construct his duplexes.

Appellant made the claim during the hearing that the department permitted a property owner in Zelienople, the Old Peoples Home, to connect a dwelling on its property to the Zelienople sewerage system after the date of the sewer connection ban. He claimed that if the department granted an exception to the Old Peoples Home, he, too, should be granted an exception.

The department admitted the granting of such an exception. It was explained that this exception was granted when a couple who had formerly lived in the main building of the Old Peoples Home were moved to a separate home on another portion of the property of the Home. The exception was granted to the Home by the Department upon the stipulation that the portion of the main building formerly occupied by said couple would not be reoccupied. As such, there would be no additional flow of sewage to the sewerage system created by the granting of the exception.

We find that such an exception as was granted to the Old Peoples Home by the department was reasonable under the circumstances as set forth above, especially since no additional flow of sewage would

result. Such would not be the case if appellant would receive permission to connect his three proposed duplexes to the Zelienople sewer system.

## CONCLUSIONS OF LAW

1. The board has jurisdiction of the parties and the subject matter.

2. The department properly issued a sewer connection ban on April 1, 1972, prohibiting further sewage connections to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority sewage treatment plant.

3. The board may grant an exception to a sewer connection ban where such an exception is equitably indistinguishable to exceptions granted by the Department of Environmental Resources as a matter of policy.

4. Appellant is entitled to an exception to connect his existing two-apartment dwelling to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority Sewage Treatment Plant.

5. The department properly denied appellant's request for an exception to the sewer connection ban to connect three proposed duplexes to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority sewage treatment plant.

## ORDER

And now, to wit, November 13, 1972, it is hereby ordered as follows:

The Department of Environmental Resources is hereby directed to issue written authorization to appellant, David Starr, allowing him to connect his existing two-apartment dwelling to the existing sewerage system which carries sewage for treatment to

the existing Zelienople Municipal Authority sewage treatment plant.

The appeal of David Starr from the order of the Department of Environmental Resources dated May 24, 1972, insofar as said order denies David Starr permission to connect three proposed duplexes to the existing sewerage system which carries sewage for treatment to the existing Zelienople Municipal Authority sewage treatment plant, is dismissed.