## Miles v. G. C. Murphy Company Inc.

*George K. Hanna,* for plaintiff.
*Thomas P. Peterson,* for defendant.

TERPUTAC, *J.,* March 30, 1988—This civil action brought by Shirley Miles arises out of the termination of her employment by G. C. Murphy Company, a corporation. Plaintiff contends that the termination of her employment is actionable on two grounds: (1) the termination constituted the breach of an employment contract; or (2) the termination

constituted the tort of wrongful discharge. In ruling on previous preliminary objections in this case, the court sustained defendant's demurrer on the cause of action for defamation. Although plaintiff asserted a cause of action for breach of an implied covenant of good faith, she concedes that this matter is really a part of the action for breach of contract. At this time, therefore, the only causes of action which we shall address are breach of contract and the tort of wrongful discharge.

G. C. Murphy has submitted a motion for leave to amend its new matter in order that it may assert the affirmative defenses of res judicata and collateral estoppel. Plaintiff has withdrawn her objections to the amendment; defendant is allowed 20 days in which to file its amendment, if it has not already done so.

To the causes of action for breach of contract and wrongful discharge, the defendant has presented its motion for summary judgment. The principles of law on this subject are fairly well settled. Summary judgment can be sustained only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986); Pa.R.C.P. 1035(b). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party. "The court must accept as true all of the non-moving party's well pleaded facts and the non-moving party has the benefit of all the reasonable inferences from those facts." *Estate of Susan A. Reinert,* 367 Pa. Super. 147, 532 A.2d 832 (1987). The court must not decide issues of fact; it must decide whether there are

are issues of fact to be tried. Any doubts must be resolved against the moving party. *Washington Federal Savings v. Stein,* 357 Pa. Super. 286, 515 A.2d 980 (1986).

Taking the testimony in the light most favorable to plaintiff, the scenario developed as follows. Plaintiff began to work for G. C. Murphy Company in 1963. A company representative gave her a paper with a set of rules for employees typed on the document. From time to time the company revised the rules, providing each employee with the revised document. She admitted she signed each paper as she received it. In 1985 the company again revised the rules, so that plaintiff received the document which is one of the matters of some importance in the instant case. This document, entitled "Rules for all Store Employees," sets forth rules of conduct and statements of what is prohibited conduct. Plaintiff admitted at her deposition that all employees signed the document. During her employment she never bargained for wages and other benefits, and she never belonged to a union. Though she admitted there was no written contract of employment, plaintiff said the employment was contained in the rules of the document referred to above. And she conceded there was no oral contract of employment.

On Saturday, February 15, 1986, the dispute between the parties began. While she was on duty as the principal person in charge of the entertainment center, she obtained some merchandise in another department of the store and took it to her department. Although she admitted taking the merchandise and preparing the slips for their purchase as layaways, she denied that she was "shopping" on company time. Acknowledging that she prepared her own layaway slips, she stated her conduct was not a violation of the rules because as a matter of

common practice other employees had also made out their own slips. As to other possible violations, she admitted there was a five dollar overring (referring to an item that is rung up on the register and the customer changes her mind or a mistake is made in the charge) and that she had on her person five dollars in money, both acts being in apparent violation of the company rules.

The manager confronted her in his office and notified her that her conduct constituted violations of the rules. She said she did not feel that she had violated any rules. After the confrontation, plaintiff finished her shift that day.

When she reported to work the next working day, Monday, February 17, she was notified that she had been transferred to the check-out department. She went to the manager's office and asked him to allow her to stay in the entertainment center. The manager told her that she had broken the rules and she had a bad attitude. Because he spoke to her in a demeaning manner, she became upset and left the office. She denied that she had slammed the door, saying merely that she closed it "hard." She asked for the 800 telephone number so that she could call in an internal complaint to the company. As the manager followed plaintiff into the lounge, he fired her in front of other employees.

## DEFENSE OF COLLATERAL ESTOPPEL

Contending that plaintiff has already litigated the cause of her termination before the Pennsylvania Unemployment Compensation Board of Review and that the Board of Review and the Commonwealth Court of Pennsylvania affirmed her dismissal for willful misconduct, defendant has asserted its defense of collateral estoppel. On the matter of collateral estoppel, there need not be an identity of the

parties between the former action and the present action. Where collateral estoppel is asserted, if the question of fact essential to the judgment is actually litigated and determined by a final judgment, this determination is conclusive between the parties in a subsequent action on a different cause of action. *Thal v. Krawitz,* 365 Pa. 110, 73 A.2d 376 (1950). The law requires that (1) the issue decided in the prior action be identical with the one presented in the subsequent action, (2) there is a final judgment on the merits, (3) the party against whom it is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom the defense is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. *In re Estate of Ellis,* 460 Pa. 281, 333 A.2d 728 (1975). What is important for the doctrine of collateral estoppel to be a bar is that the issues in the proceedings must be identical.

The Commonwealth Court has defined identical to mean whether "the issue [which] had been decided in the prior adjudication was identical with the one [now being] presented [here] in the later action." *Interim House Inc. v. Philadelphia Zoning Board,* 36 Pa. Commw. 54, 61, 387 A.2d 511, 514 (1978). Therefore, resolving this question requires an inquiry of what were the "controlling issues" decided in prior proceedings, and whether those same issues settle the questions presented here. *Id.*

The narrow and controlling issue determined in the unemployment compensation proceeding was whether plaintiff was guilty of willful misconduct. Although she subsequently filed a common law cause of action for wrongful discharge, the very issue or propriety of her employment termination was already before the board. Therefore, the issues are identical and collateral estoppel operates to bar the

cause of action for wrongful discharge. The evidence necessary to sustain a judgment in the instant cause of action would have determined a judgment in the administrative proceeding. As the board concluded, plaintiff's own actions were the cause for the discharge.

Although no Pennsylvania State Court has ruled on this precise issue, the U.S. District Court for Western Pennsylvania has ruled upon the matter in *Adams v. Cambria County Prison Board,* C.A. No. 84-3074 (1987). Plaintiff was terminated from her job with the Cambria County Prison Board. The Pennsylvania Office of Employment Security ruled she had caused her own termination. The Unemployment Compensation Referee affirmed the decision, finding plaintiff abandoned her job. Consequently, she was ineligible for the unemployment compensation benefits. The Unemployment Compensation Board and Commonwealth Court affirmed the referee's decision. Plaintiff then filed a common law cause of action for wrongful discharge in the Federal District Court for Western Pennsylvania. The district court dismissed this claim based on collateral estoppel.

There was a similar holding in *Snow v. Nevada,* 543 F.Supp. 752 (D. Nev. 1982). Plaintiff was terminated from her job as a corrections officer. A hearing officer for the State Personnel Advisory Commission concluded the firing was justified, and the full commission refused to order a de novo hearing. Subsequently, she filed a complaint in Federal District Court alleging her dismissal was the result of sexual discrimination. The court pronounced that the collateral estoppel principle precluded plaintiff from "relitigating the propriety of her termination." *Id.* at 757. It should be noted, however, that the court allowed the alleged sexual discrimination vio-

lation (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq.) to go forward. These civil rights laws do not require a plaintiff to pursue a state court appeal of an unfavorable state administrative finding before initiating an action in federal court. However, the court stated that if plaintiff had appealed to the state court, she would have been collaterally estopped from pursuing her Title VII claim in federal court. *Id.*

Regarding the application of collateral estoppel to the breach of contract action, however, the court is compelled to rule differently. Damages for employment contract violations may not be awarded from the unemployment compensation fund. *Philadelphia Transportation Co. v. Unemployment Compensation Board of Review,* 186 Pa. Super. 142, 141 A.2d 410 (1958). An employee who has a contract with an employer for a definite period or for work during specified periods and whose contract is breached by the employer must pursue remedies provided by the contract and is not entitled to unemployment compensation. *Glen Alden Coal Co. v. Unemployment Compensation Board of Review,* 168 Pa. Super. 534, 79 A.2d 796 (1951). Consequently, court decides this issue was not before the board when plaintiff brought her claim for unemployment compensation and the collateral estoppel doctrine cannot be applied.

## BREACH OF CONTRACT

Next defendant asserts that the cause of action for breach of contract, whether express or implied in fact, must be dismissed because there is no showing that the company ever entered into any written or oral contract with the plaintiff for a definite period. We agree.

Every employment relationship is also a contractual relationship. Thus even the at-will employment is formed by a contract between the employer and the employee. *Darlington v. General Electric*, 350 Pa. Super. 183, 504 A.2d 306 (1986). The general rule in Pennsylvania is that there is a presumption of at-will employment. The party claiming that an agreement is for a definite period has the burden of proving that fact. A contract for a definite period, either an express contract or implied in fact, means that if the proof of a definite period is established, the employee may not be terminated during that period unless the employer can show just cause. *Greene v. Oliver Realty Inc.*, 363 Pa Super. 534, 526 A.2d 1192 (1987).

In the absence of a statutory or contractual provision to the contrary, the law has taken for granted the power of either party to terminate an employment relationship for any reason or no reason at all. *Banas v. Matthews International Corp.*, 348 Pa. Super. 464, 502 A.2d 637 (1985). Whether a particular employment contract is terminable at will is a question of interpretation. "If the evidence is so clear that no reasonable man would determine the issue before the court in any way but one, the court itself will determine the issue." *Darlington v. General Electric*, 350 Pa. Super. at 195, 504 A.2d at 312.

Therefore, plaintiff may show that there was an express contract of employment or an implied contract in fact for a specific duration. If the employment relationship is one at will, the employer has the right to terminate the employee for no reason at all, unless the employee can establish that the employer discharged her by intending to harm her or by violating a public policy. *Verno v. Meredith*, 357 Pa. Super. 85, 515 A.2d 571 (1986).

Plaintiff has admitted there is no written contract of employment for a certain duration. And she concedes there was no oral contract. Nevertheless, she says she relied on the document setting forth the rules for employees, so that by agreeing to the rules of discipline the company was bound by the contract to continue to employ her. Further, because she signed the document; this act in our opinion was merely an acknowledgment of the existence and purpose of the rules. Reviewing the document itself, we perceive nothing in it to establish a contract of employment for a definite term. The rules contain no provision requiring the defendant to be bound by good or just cause before it may discharge an employee. For the court to read into the document a provision of good or just cause would be a modification of immense proportions, allowable only where the document has clearly expressed such a statement. *Martin v. Capital Cities Media Inc.,* 354 Pa. Super. 198, 511 A.2d 830 (1986).

The rules document sets forth disciplinary policies, provisions established unilaterally by the company. Neither the original rules document nor the document of 1985 was ever bargained for by the plaintiff. In discussing a similar handbook in *Martin v. Capital Cities Media Inc.,* the Superior Court stated:

"The list of actions that call for disciplinary action set forth in the handbook . . . are nothing more than common sense enumerations of actions that any reasonable at-will employee would understand to generally call for disciplinary action." 354 Pa. Super. at 214, 511 A.2d at 838.

Inasmuch as a fair and reasonable interpretation of the rules document does not support the contention of plaintiff, we hold that there is no genuine issue of material fact on the question of an express

contract or one implied in fact, and we grant the motion for summary judgment on this count.

## ORDER

And now, this March 30, 1988, it is ordered, adjudged, and decreed as follows:

On the issues of wrongful discharge and breach of an express contract or a contract implied in fact, the motion for summary judgment is granted and judgment is hereby entered in favor of G. C. Murphy Company, defendant, and against plaintiff, Shirley Miles.