557 A.2d 779

James FREDERICK, Susan Coyle and Margaret A. Steighner, Appellants,

v.

AMERICAN HARDWARE SUPPLY COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Dec. 13, 1988.

Filed April 20, 1989.

Petition for Allowance of Appeal Denied Oct. 2. 1989

William D. Kemper, Butler, for appellants.

James B. Spears, Pittsburgh, for appellee.

Before BROSKY, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from an order granting partial summary judgment in favor of Appellee corporation, American Hardware Co. [American].   In count one of their complaint,

Appellants, employees of American, claimed that American had breached an implied contract of employment by wrongfully discharging them. American filed a motion for summary judgment and the trial court granted the motion on this contract issue, and denied the motion as to the other counts in the complaint.

The trial court held that an earlier decision of the Unemployment Compensation referee denying compensation because of willful misconduct, which was later affirmed by the Board of Review and the Commonwealth Court, collaterally estopped the employees from asserting that they had been wrongfully discharged from their employment in a contract claim. The trial court stated; "The issue of willful misconduct would be a viable defense to the wrongful discharge cause of action under the alleged implied contract." In effect, the trial court held that the the referee's finding that the employees had been discharged for willful misconduct and were ineligible for unemployment compensation (43 P.S. § 802(e)) was equivalent to the finding that the employer had not wrongfully dismissed the employees, and therefore the issue which had already been adjudicated in a prior administrative proceeding was precluded by the doctrine of collateral estoppel.

■■■ Briefly, collateral estoppel requires: (1) that the issue or issues of fact determined in a prior action be the same as those appearing in a subsequent action, there being no necessity that the cause of actions be the same, (2) that the party against whom the defense is invoked is identical to or in privity to the party in the first action, (3) the previous judgment be final on the merits, and (4) the party had a full and fair chance to litigate on the merits. *Shaffer v. Pullman Trailmobile*, 368 Pa.Super. 199, 206, 533 A.2d 1023, 1026 (1987); *Thompson v. Karastan Rug Mills*, 228 Pa.Super. 260, 323 A.2d 341, 344 (1974). Furthermore, the application of the principle of collateral estoppel is not precluded merely because administrative proceedings are involved. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact proper-

ly before it which the parties have had an adequate opportunity to litigate, the court will not hesitate to apply res judicata principles. *Philadelphia Elec. Co. v. Borough of Lansdale*, 283 Pa.Super. 378, 424 A.2d 514, 521 (1981), *citing, United States v. Utah Construction & Mining Co.*, 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966).

For instance, it has been held that collateral estoppel principles apply to judgments from Workers Compensation boards in subsequent products liability and common law tort actions, *Shaffer, supra*, 533 A.2d at 1026, *Nicklos v. Firestone Tire & Rubber Co.*, 346 F.Supp. 185 (E.D.Pa., 1972), and final judgments of the Public Utilities Commission collaterally estop plaintiffs from asserting the same issue in a subsequent suits for damages. *City of Philadelphia v. Lindy*, 71 Pa.Cmwlth. 515, 455 A.2d 278, 280 (1983).

Therefore, we will not preclude the use of collateral estoppel solely because the issue was previously litigated in Unemployment Compensation proceedings if the other elements of collateral estoppel are present, although Appellants have urged just such a course, relying on the holding in *Philadelphia Transportation Co. v. Unemployment Compensation Board of Review*, 186 Pa.Super. 142, 141 A.2d 410 (1958), and a similar line of cases involving a collective bargaining contract. *Glen Alden Coal Co. v. Unemployment Compensation Board of Review*, 168 Pa. Super. 534, 79 A.2d 796 (1951); *Carl Colteryahn Dairy v. UCBR*, 46 Pa.Cmwlth. 319, 407 A.2d 71 (1979). We believe such reliance is misplaced.

In *Philadelphia Transportation,* an employee was discharged from a bus-servicing company. Pursuant to the terms of his collective bargaining contract, his discharge was referred to arbitrators who ordered him reinstated *without* back pay. He then applied for unemployment compensation for the weeks he was off the job. The referee decided he was dismissed for willful misconduct and refused compensation to the employee, however the Board of Review reversed the referee on the basis of the arbitrator's decision. This court held that the Board erred in

ignoring the referee's finding of willful misconduct and relying on the arbitrator's decision.

Appellants conclude that *Philadelphia Transportation* stands for the principle that a finding of willful misconduct should not preclude that the employer violated its contractual obligations. However, *Philadelphia Transportation* holds that a finding of a contractual violation by the *employer* does not preclude a finding of willful misconduct by the *employee*. *Philadelphia Transportation* concerns a complex, collective bargaining contract which was the basis of the arbitrator's decision to reinstate the employee. The terms of a collective bargaining contract specify in great detail discharge procedures and legitimate reasons for discharge, while here there is no such agreement. Most importantly, the court in *Philadelphia Transportation* held that the issue before the UCB was entirely different than that before the arbitrators. The court stated,

> [T]he issue before the arbitrators was entirely different than the issue before the Board of Review. The arbitrators were not dealing with the legal problem of willful misconduct, but with the problem of discharge and reinstatement under the collective bargaining agreement. *Philadelphia Transportation, supra,* 186 Pa.Super. at 151, 141 A.2d at 415.

We will therefore consider whether the judgment of the Unemployment Compensation Board of Review may have estoppel effect in this case. Most crucially, we must determine if the issue decided in the unemployment compensation proceedings was the same as in the instant action, because the other elements of collateral estoppel are clearly present: (1) the parties against whom the defense is invoked in the instant case, the three employee appellants, are identical to the parties in the unemployment compensation proceedings; (2) the parties in the unemployment compensation proceedings had the opportunity to litigate on the merits, and Appellants then appealed to the Board of Review and the Commonwealth Court, and (3) the Commonwealth's decision constitutes a final judgment. *Fusaro v.*

*Unemployment Compensation Board of Review*, 85 Pa. Cmwlth.Ct. 507, 483 A.2d 1013 (1984).

In numerous decisions "willful misconduct" has been defined as an act of wanton or willful disregard of the employer's interests, deliberate violation of the employer's rules or instruction, and disregard of standards of behavior which an employer has a right to expect of an employee. *Kilgus v. Commonwealth Unemployment Compensation Bd. of Review*, 78 Pa.Cmwlth.Ct. 67, 466 A.2d 1121 (1983). In the present case, the Board found that the Appellants were aware of the policies and procedures of the employer but chose to ignore these procedures and policies for personal gain. Therefore their actions rose to the level of willful misconduct.

Appellants' complaint before the trial court alleged that the provision of the employee handbook set forth terms and conditions of employment with the employer in such a manner that it constituted an implied contract of employment. Although American in its motion for summary judgment did oppose this allegation, the trial court in its opinion and order did not rule on this question. We will do likewise, because the Review Board's finding of willful misconduct has a preclusive effect whether the Appellants were at-will or contractual employees.

If Appellants had no contract with their employer they would be presumptively at-will employees who may be discharged at any time for any reason, or for no reason at all. *Darlington v. General Electric*, 350 Pa.Super. 183, 504 A.2d 306, 310 (1986). Therefore, the reason for the discharge would simply not be subject to review in a judicial forum. This non-reviewability is the *sine qua non* of the at-will relationship. *Veno v. Meredith*, 357 Pa.Super. 85, 515 A.2d 571, 578 (1986). Therefore, if there were no implied contract we would affirm the grant of partial summary judgment on this issue.

However, if the employee handbook constitutes an implied contract of employment, this then would remove Appellants from the at-will status, and would limit the

employer to discharging the employee only for good cause. *DiBonaventura v. Consolidated Rail Corp.*, 372 Pa.Super. 420, 539 A.2d 865 (1988). The Review Board's finding that Appellants' actions constituted willful misconduct, precludes them from asserting that they were wrongfully discharged. The Board found that Appellants violated American's rules and procedures and this is the equivalent of good cause for dismissal. Therefore, we hold that even if American were limited to dismissing Appellants only for good cause, the factual determination that such good cause existed had previously been made in the unemployment compensation proceedings.

We therefore affirm the trial court's order granting partial summary judgment in favor of the Appellee.