## Snyder v. Life Insurance Company of North America

*James Dunworth,* for plaintiff.
*Andrew J. Forbes,* for defendant.

MELODY, Jr., *J.,* October 23, 1989 — This action in assumpsit concerns the claim of plaintiff for compensation pursuant to the terms of an insurance policy issued to the Phoenixville Volunteer Firemen's Relief Association by defendant.[1] Plaintiff, a volunteer fireman with the Friendship Fire Company, was injured when he fell from a ladder while repairing the roof of a building owned by the fire company. By stipulation of counsel, the insurance policy became part of the record, and by the same stipulation, it was agreed that said policy was in force at all times relevant to the litigation.

The June 9, 1988, amended answer of defendant added the following to his original answer:

### "New Matter"

"(18) On July 24, 1986, a three-member panel of the Commonwealth Court of Pennsylvania, in the case of *Clinton Snyder v. Workmen's Compensation Appeal Board (Friendship Fire Company),* no. 10 C.D. 1985, arising from a compensation claim filed

---

1. The complaint was filed on April 4, 1979. Defendant filed an answer on August 24, 1979. On June 12, 1980, defendant filed a motion for summary judgment. On August 14, 1980, this motion was denied by Judge Wood. No further action was taken in this matter until June 27, 1986, at which time counsel for plaintiff filed a certification of active status which states:

"In accordance with C.C.R.C.P. 249.2, I hereby certify that the above case is still in active litigation because an ancillary but controlling matter is before the Commonwealth Court for disposition and should not be subject to termination."

No further action was taken by either party until June 9, 1988, when defendant filed an amended answer to the complaint.

on behalf of the instant plaintiff against the Friendship Fire Company, concluded that plaintiff was not in any way a volunteer at the time of his accident, but rather was serving as an independent contractor . . . not acting in his capacity as a volunteer fireman. . . . As a consequence, it was ruled that plaintiff was not entitled to compensation benefits.

"(19) By reason of the foregoing, plaintiff is precluded from recovery in the instant action by reason of the doctrine of collateral estoppel and/or res judicata."

No reply to this amended answer was filed.[2]

On the date of the filing of said amended answer, defendant also filed a motion for summary judgment. Plaintiff filed an answer to this motion.

The basis for this motion was that the denial of plaintiff's claim, under the Workmen's Compensation Act, was dispositive of his claim under the insurance policy by reason of the doctrine of collateral estoppel.

We rejected defendant's position. By our opinion and order of February 23, 1989, we denied the motion for summary judgment. In our opinion, we noted that the Commonwealth Court in the collateral matter was concerned with the interpretation of *a statute*, 77 P.S. §1031. We noted that the matter before this court concerned the interpretation of an *insurance contract*. For this reason, we held that there was not sufficient identity of issues to apply the doctrine of collateral estoppel.

Approximately two months later, on April 20, 1989, the Superior Court filed its opinion in *Frederick v. American Hardware Supply Company*, 384 Pa. Super. 72, 557 A.2d 779 (1989).

The Superior Court in *Frederick* upheld a trial

---

2. The amended answer was not endorsed with a notice to plead thus no reply was necessary. Pa.R.C.P. 1026.

court decision that an earlier decision of the unemployment compensation referee denying compensation because of *willful misconduct* which was later affirmed by the Board of Review and the Commonwealth Court, *collaterally estopped* employees from asserting that they had been wrongfully discharged from their employment in a *contract* claim. The former action involved the application of the *statutory* language "willful misconduct" and the latter involved the application of an *implied contract* based on an employee handbook which would limit the employer to discharging an employee for "good cause." The Superior Court approved the trial court's disposition and stated:

"In effect, the trial court held that the referee's finding that the employees had been discharged for willful misconduct and were ineligible for unemployment compensation (43 P.S. §802(e)) *was equivalent to the finding* that the employer had not wrongfully dismissed the employees, and therefore the issue which had already been adjudicated in a prior administrative proceeding was precluded by the doctrine of collateral estoppel." (emphasis supplied)

In light of this Superior Court opinion, defendant made an oral motion for summary judgment on September 5, 1989. Immediately following defendant's motion, oral argument was heard.[3]

In the case sub judice the collateral matter involved a determination by the Workmen's Compensation Board as to whether plaintiff was an "employee" within the meaning of the applicable statute. 77 P.S. §1031 states:

---

3. Said motion was made in open court without objection by plaintiff.

We note that although plaintiff did not oppose the defendant's making of this oral motion, plaintiff did argue against the merits of the motion and against the granting of the relief sought by the motion.

"§1031. *Employees defined; computation of compensation; presumption* —

"(a) In addition to those persons included within the definition of the word 'employee' as defined in section 104, 'employee' shall also include:

"(1) members of *volunteer* fire departments or *volunteer* fire companies, including any paid fireman who is a member of a volunteer fire company and performs the services of a volunteer fireman during off-duty hours, who shall be entitled to receive compensation in case of injuries received while actively engaged as firemen or while going to or returning from a fire which the fire company or fire department attended including travel from and the direct return to a fireman's home, place of business or other place where he shall have been when he received the call or alarm or while participating in instruction fire drills in which the fire department or fire company shall have participated or while repairing or doing other work about or on the fire apparatus or buildings and grounds of the fire company or fire department upon the authorization of the chief of the fire company or fire department or other person in charge or while answering any emergency calls for any person or while riding upon the fire apparatus which is owned or used by the fire company or fire department or while performing any other duties of such fire company or fire department as authorized by the municipality or while performing duties imposed by section 15, Act of April 27, 1927 (P.L. 465, No. 299), referred to as the Fire and Panic Act." (emphasis supplied)

The board determined that plaintiff was not an "employee." The Commonwealth Court affirmed and stated:

"Snyder admits that he was partially remunerated for the work, but argues that his work was also, in part, volunteer. No definition of the word 'volunteer'

appears in the act. Terms not defined in a statute are to be construed according to their common and approved usage. Section 1903 of the Statutory Act. 'Volunteer' is defined as a person who gives his services without any express or implied promise of remuneration. Clearly, Snyder was not a volunteer when he contracted to perform the roof repair work, despite his relatively low wage. The record contains ample evidence that Snyder was serving as an independent contractor at the time of his injury and therefore assumed the risks of that activity. The board properly concluded that Snyder was not acting in his capacity as a volunteer fireman at the time of the injury, and hence, was not an employee within the meaning of section 601 of the act." *Snyder v. Workmen's Compensation Appeal Board (Friendship Fire Company),* Pa. Commonwealth Court, no. 10 C.D. 1985 (filed July 24, 1986).

In order to qualify for coverage by the insurance policy, plaintiff must demonstrate that he was engaged in a "covered activity" within the meaning of the insurance policy at the time of his accident. The policy states:

"*Covered Activity* — means any activity of an *insured member in the performance of his duties as an insured member,* provided such activity is performed at the direction of an officer of the policyholder or is performed at the scene of an emergency activity."(emphasis supplied)

Thus, a "covered activity" is an activity of an "insured member." The policy further states:

"*Insured Member* —means a *volunteer fireman,* volunteer policeman, or a member of a rescue or ambulance squad or other emergency unit belonging to the policyholder; a paid driver or other person regularly employed by the policyholder; or a bystander present at the scene of an emergency,

deputized by the officer in charge to assist in fighting a fire or perform first aid or emergency squad duties." (emphasis supplied)

Thus, a *"covered activity"* is an activity of a *"volunteer fireman"* which is *"in the performance of his duties"* as a *"volunteer fireman."*

The Workmen's Compensation Appeal Board, after hearing evidence, determined that plaintiff was not acting as a volunteer fireman at the time of the accident. The Commonwealth Court, in the portion of its opinion set forth above, applied "common and approved usage" in interpreting the term "volunteer" as it appears in the statute. This court applies the same usage in interpreting the term "volunteer" as it appears in the contract. We therefore hold[4] that the finding of the Workmen's Compensation Appeal Board (as upheld by the Commonwealth Court)[5] *was equivalent to* a finding that he was not a "volunteer fireman" at the time of the injury and thus not engaged in a "covered activity" within the meaning of the contract of insurance.

Defendant's motion is granted, and judgment is entered in favor of defendant.

## ORDER

And now, October 23, 1989, after consideration of the motion for summary judgment of defendant, the response of plaintiff, the briefs of counsel, and the record in this matter, defendant's motion for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff in no amount.

---

4. In light of the Superior Court's opinion in *Frederick.*

5. That plaintiff was not acting as a "volunteer" fireman when he was injured and thus not an "employee" within the meaning of 77 P.S. §1031.