**Inman v. Ross**

C.P. of Lawrence County, no. 10663 of 1994, C.A.

*Richard A. Harper,* for plaintiff.
*Matthew T. Mangino,* for defendants.

PRATT, *J.,* March 10, 1998—The plaintiff has presented the court with a motion in limine requesting that the court preclude the defendants from presenting any evidence relating to any alleged willful misconduct on the part of the plaintiff in being discharged or terminated by his former employer, defendant New Castle Home Medical, which contract of employment was subsequently assigned to defendant Tri-Medical Rehab Supply Inc.

The plaintiff's motion is premised on the theory of res judicata in the nature of collateral estoppel or issue preclusion. The plaintiff contends that the ruling by the unemployment compensation referee on October 7, 1994, after a full hearing of plaintiff's unemployment compensation claim, that the plaintiff did not commit any willful misconduct, thereby entitling the plaintiff to unemployment compensation benefits for being terminated by the defendants, prevents the defendants from litigating the same issue in the instant case. Plaintiff argues that the same parties to the instant cause of action were afforded the opportunity during full hearings of the unemployment compensation claim to present evidence, examine witnesses, and present legal arguments, and that the unemployment compensation referee's findings of fact and conclusions of law prohibit the defendants, in this case, from relitigating the same issues in this case. Consequently, plaintiff asserts that the decision by the unemployment compensation referee is conclusive of the issue of whether the plaintiff committed willful misconduct to justify his termination.

This in turn, plaintiff argues, prevents defendants from presenting any evidence relevant to that issue.

The main thrust of plaintiff's argument is grounded on the ruling in *Frederick v. American Hardware Supply Co.,* 387 Pa. Super. 72, 557 A.2d 779 (1989), as cited in both his memorandum of law in support of motion in limine and supplemental brief in support of motion in limine. In that case, the opinion by Judge Joseph Del Sole, reasoned that, since the issue decided in the unemployment compensation proceedings in that case was the same as the issue being litigated in the later civil cause of action, the judgment of the Unemployment Compensation Board of Review estopped the parties from relitigating the same issue in the civil cause of action. The Superior Court found that all of the elements necessary for applying collateral estoppel were present except the issue of whether the issue litigated in unemployment compensation proceedings was the same or identical to the issue raised or dispositive in the civil cause of action. Having found that the issues were the same, the Superior Court concluded that the doctrine of res judicata, as to issue preclusion under collateral estoppel, prevented the relitigation of the same issue in the later civil cause of action.

Defendants, however, cite the recent case of *Rue v. K-Mart Corporation,* 456 Pa. Super. 641, 691 A.2d 498 (1997), as a basis for their contention that the prior unemployment compensation litigation and rulings do not preclude the defendants from presenting similar evidence and relitigating its issue of whether the plaintiff was wrongfully discharged in the instant case.

After reviewing the plaintiff's memorandum of law and supplemental brief and the defendants' memorandum of law in opposition to the plaintiff's motion in limine and the *Rue v. K-Mart Corporation* case and

counsel's oral arguments, this court concludes that, because the Superior Court in the *Rue* case based its decision on an entirely different theory from that in the earlier *Frederick* case, the *Rue* holding is dispositive of plaintiff's motion.

In *Frederick*, the court of common pleas case was a breach of an employment contract action for discharging an employee for willful misconduct, whereas in *Rue*, the civil action was based on defamation against the plaintiff's employer, the defendant, for allegedly publicizing the plaintiff's conduct, which supposedly justified the defendant's action in terminating the plaintiff's employment.

In *Rue*, the basis for the Superior Court's decision was articulated as follows:

"[W]e are not convinced that the facts found in the unemployment compensation case merit preclusive effect in the present defamation action because of the vastly differing policy considerations underlying the two actions. In other words, the different policy concerns between the unemployment compensation system and civil actions mandate two vastly different methods of adjudicating facts, and, thus, we conclude that the unemployment compensation process does not provide a party with the 'full and fair opportunity to litigate the issue in question' necessary for the application of collateral estoppel." *Id.* at 646-47, 691 A.2d at 500-501.

Thus, the Superior Court in *Rue* held that collateral estoppel did not preclude relitigating the issue of the plaintiff's misconduct in the defamation action on the basis that the issue was previously litigated and judgment entered in the unemployment compensation proceedings involving the same parties.

Citing the four conditions which must be met before issue preclusion may be appropriately invoked, includ-

ing identity of issues and full and fair opportunity to litigate the issue in the prior action, the court in *Rue* found that it must not merely decide whether the factual determination made in the plaintiff's unemployment compensation proceeding, on its face, is sufficiently similar to that in the subsequent civil cause of action to merit a preclusion effect via collateral estoppel, but must also determine whether the defendant against whom collateral estoppel was being asserted had a full and fair opportunity to litigate the issue on its merits in the prior unemployment compensation proceeding. The Superior Court, without deciding whether the issue before the unemployment compensation proceeding and the civil cause of action were similar, held that it was "convinced that 'fast and informal' nature of the proceedings do not afford a 'full and fair opportunity to litigate the issue in question' in the same manner that a [sic] would result from a trial in the court of common pleas." *Id.* at 658, 691 A.2d at 506. The court also opined that,

"Increased litigation of unemployment compensation claims caused by the possibility of collateral estoppel in subsequent litigation would seriously jeopardize the unemployment compensation systems [sic] ability to meet its goal of prompt financial support to those persons unemployed through no fault of their own. That alone would be reason enough to refuse to grant preclusive effect to unemployment compensation decision [sic]." *Id.* at 657-58, 691 A.2d at 506.

The court concluded by stating:

"In sum, we will not approve the lower court's grant of issue preclusion in this case. To do so would be to hold, in effect, that appellee loses the defamation suit based upon the finding of an unemployment compensation referee, even though significantly different

procedures apply and different policies and goals are at stake in the unemployment compensation proceeding. Those policies and procedures operate to render a [sic] unemployment compensation hearing less than a 'full and fair opportunity to litigate' the facts relevant to the subsequent action . . . ." *Id.* at 662, 691 A.2d at 508.

Hence, the court believes that the ruling in *Rue* controls in this instance, as opposed to the *Frederick* holding and, resultantly, plaintiff's collateral estoppel argument is rejected.

The plaintiff argues further that the Supreme Court in *Frederick* denied allocatur, thereby allowing the holding by the Superior Court in that case to remain the law on the issue and that by granting allocatur in the subsequent case of *Rue*, the Supreme Court has indicated that the *Rue* decision is at odds with existing decisions of that court and, therefore, *Frederick* is controlling. However, this court finds that argument to be without merit, also.

After reviewing the internal operating procedures of the Supreme Court, particularly part V, subsection A, which sets forth the reasons or standards for the Supreme Court granting petitions for allowance of appeal, the court is unable to determine, based on plaintiff's argument and briefs, the basis for the Supreme Court denying allocatur in *Frederick* and granting allocatur in the *Rue* case. Assuming the Supreme Court found, in granting allocatur in *Rue*, that the holding of the Superior Court in *Rue* conflicted with another Superior Court opinion (see internal operating procedures of the Supreme Court, part V, subsection A.(1)), that draws into question, not only the *Rue* holding, but also the decision in *Frederick*.

This court concludes, therefore, that the Superior Court's decision in *Rue* remains good and binding precedent despite allocatur being granted by the Supreme Court to review the holding in that case, particularly if the basis of the Superior Court's decision in *Rue* was different from that in *Frederick*.

Parenthetically, the court notes that, in *Frederick*, the case was before a three-judge panel of the Superior Court, whereas in *Rue*, the appeal was heard by the Superior Court en banc, with nine judges sitting and concurring with the decision of the court.

In conclusion, based upon the *Rue* decision, the court shall deny the plaintiff's motion in limine, and the defendants at trial shall not be precluded from presenting evidence regarding the conduct of the plaintiff which may be relevant to any contract of employment between plaintiff and the defendants or as a basis for any discharge or termination of the plaintiff by the defendants, or relevant to any other issue before the court.

## ORDER

Based on the court's accompanying opinion, the plaintiff's motion in limine is denied.