Belinda **BRIGGS**

v.

Daniel A. **MATHIEU**

and

**Twin City Grain Delivery, Inc.**

Supreme Judicial Court of Maine.

May 17, 1978.

Southard, Hunt & Hebert by George H. Hunt (orally), Augusta, for plaintiff.

Norman & Hanson by Stephen Hessert (orally), David C. Norman, Portland, for defendants.

Before McKUSICK, C. J., and POMER-OY, WERNICK, ARCHIBALD, DELA-HANTY and GODFREY, JJ.

ARCHIBALD, Justice.

Plaintiff, while operating a passenger car, was injured in an automobile accident in which the defendant Mathieu was the operator of the other vehicle involved, namely, a tractor-trailer unit.[1] A jury adopted plaintiff's contention that Mr. Mathieu's negligence was the sole proximate cause of the accident and awarded damages of $12,000.00. The defendants have appealed from the judgment entered on the verdict.

We deny the appeal.

Defendants' appeal, viewed from several perspectives, reduces itself, in essence, to the argument that the jury verdict was contrary to the greater weight of the evidence which, they say, pointed to negligence by the plaintiff.

The Justice presiding, without objection, gave complete and thorough instructions which brought into sharp focus the respective duties and obligations of the parties with particular reference to the factual scenario depicted by the testimony. Beyond observing that critical evidence was in dispute, we see no purpose in a recitation of the details.[2] We have consistently refused to reverse a jury finding that was rationally supported by competent evidence. *Bourgeois v. Hoyt,* Me., 383 A.2d 1095 (1978); *Lowery v. Owen M. Taylor & Sons, Inc.,* Me., 374 A.2d 325 (1977); *Lyman v. Bourque,* Me., 374 A.2d 588 (1977).

The entry is:

1. It was stipulated "that Defendant Mathieu was acting within the scope of his employment with [Defendant] Twin City Grain Delivery, Inc. at the time of the accident."

2. The plaintiff, at night, had collided with the rear of a tractor-trailer unit at an intersection into which the defendant Mathieu was making a right turn. Whether the rear lights on the tractor-trailer unit were on or, if so, whether they were visible, and whether the plaintiff was driving beyond the range of her headlights were all issues relating to causative fault on

Appeal denied.

Judgment affirmed.

NICHOLS, J., did not sit.

which there was conflicting testimony. The verdict exonerated the plaintiff from fault. The facts being thus postured and the jury having adopted the plaintiff's version thereof, the case is readily distinguishable from *Spang v. Cote,* 144 Me. 338, 68 A.2d 823 (1949), even if we *assume* that the holding in *Spang* (a case prior to comparative negligence) is still viable.

We intimate no opinion and leave open for future consideration the question of whether this Court will any longer declare disputatious conduct to be negligence as a matter of law.