**Fred LAMBORN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ARMOROSO BAKING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 27, 1995.

Decided March 21, 1995.

---

Marshall E. Kresman, for petitioner.

Howard M. Ellner, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and DELLA PORTA, Senior Judge.

PELLEGRINI, Judge.

Fred Lamborn (Claimant) petitions for review the order of the Worker's Compensation Appeal Board (Board) reversing the referee's award of benefits due to the collateral estoppel effect of an unemployment compensation decision that Claimant failed to accept employment within his capabilities.

While bending over to install a heavy tracking roller, Claimant injured his low back in his work duties as a maintenance mechanic for Amoroso Baking (Employer). After his injury on April 22, 1991, Claimant returned to work for Employer for only one day, in a light-duty position vacuuming control panels. However, the work was too hard on his back and Claimant did not return. On July 7, 1991, Claimant began work as a self-employed central heating and air conditioning serviceman but could not continue that work after about a month due to his work-related injury.

Before the referee on a claim petition, Claimant presented the testimony of his medical experts. Dr. Thomas Oliver, a chiropractor, testified that Claimant complained of acute low back distress with pain radiating to his left anterior thigh, and that an MRI suggested a possible disc herniation. Dr. Oliver advised Claimant not to return to work until June 10, 1991, and referred him to S. Gopal, M.D. Dr. Gopal, a specialist in neurodiagnostics, testified that the results of an electromyography were consistent with a mild radiculopathy on the right side. Claimant's chiropractor and physician did release him for light-duty work.

Employer presented the testimony of Larry Bonsall, Employer's chief engineer. Bonsall testified that after learning from Claimant's physicians that Claimant was able to return to light-duty work, he offered him the

vacuuming position, but that Claimant complained it was too much for him. In two letters, Bonsall subsequently offered Claimant positions straightening rolls coming out of the bakery ovens. Bonsall testified that Claimant refused the position on both occasions, saying the work was "below him". In response, Claimant testified that he knew the duties of the straightening job and he was physically incapable of performing them due to pain and symptoms of his back injury.

Employer also presented a document from the Pennsylvania Department of Labor and Industry denying Claimant unemployment benefits because Claimant failed to accept light-duty work that was suitable work approved by his physician. Employer argued that this final determination collaterally estopped Claimant from alleging that he was physically unable to perform the light-duty positions offered him by Employer.

The referee found that Claimant suffered a work-related injury to his back, and that Claimant's physicians cleared him for light-duty work only. The referee also found that Employer offered Claimant positions that actually existed and were available to Claimant when offered. However, the referee found that Claimant's testimony that he was physically unable to perform the work offered was credible, and concluded that he, in good faith, refused the positions straightening rolls. The referee determined that the unemployment compensation determination did not collaterally estop Claimant's allegations because there was insufficient evidence that the issues presented in the two proceedings were identical. The referee awarded compensation benefits for a closed time period. Employer appealed the referee's decision to the Board.

■ The Board held that the referee made an error of law on the collateral estoppel issue, finding that the issue was identical in both proceedings, it was actually litigated in the prior proceeding and was essential to the unemployment compensation judgment. The

Board reversed the award of compensation benefits and Claimant then filed this appeal.[1]

Claimant contends that the Board made a finding that the issues were identical which was not supported by record evidence. Claimant also contends that the initial determination of the Department of Labor and Industry rendered by a local unemployment Job Center representative, as a matter of law, cannot be the basis for precluding an issue because no record is made and the doctrine has only been applied to decisions of the referee and Unemployment Compensation Board of Review.

■ Collateral estoppel or issue preclusion forecloses relitigation in a later action of an issue which was actually litigated and which was necessary to the original judgment. *Hebden v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 534 Pa. 327, 632 A.2d 1302 (1993). Collateral estoppel may be invoked where the causes of action are not identical but arise from the same subject matter or transaction so that material matters already decided cannot be reargued. *Askin v. Commonwealth, Department of Public Welfare*, 56 Pa.Commonwealth Ct. 80, 82–83, 423 A.2d 1371 (1981). The doctrine of collateral estoppel is applied if:

(1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party ... to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 574–75, 345 A.2d 664, 668 (1975) (citation omitted).

■ In *Bortz v. Workmen's Compensation Appeal Board (Reznor Division of FL Industries)*, —— Pa.Commonwealth Ct. ——, 656 A.2d 554 (1995), we addressed whether the findings of an unemployment compensation referee, which are more formal than

---

1. On appeal, our standard of review of a Board order is limited to determining whether there has been a constitutional violation or an error of law or whether the necessary findings of fact are

supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

those of a Job Center representative, collaterally estopped a different finding on the same issue in a worker's compensation case. In rejecting that collateral estoppel applies, we stated:

> The Unemployment Compensation Law (Law) and The Pennsylvania Workers' Compensation Act (Act) are two distinct acts advancing two separate policies. Determinations made in one forum do not necessarily preclude the litigation of issues in the other. By and through the Unemployment Compensation Law, our Legislature calls for the compulsory "setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own" Section 3 of the Law, 43 P.S. § 752. This is distinguishable from the purpose of the Workers' Compensation Act, which is to provide benefits to employees who suffer work-related disabilities. *U.S. Steel Corp. v. Workmen's Compensation Appeal Board,* 62 Pa.Commonwealth Ct. 502, 437 A.2d 92 (1981). Furthermore, workers' compensation is contemplated in the Pennsylvania Constitution under Article 3, Section 18, whereas unemployment compensation is the result of state legislation enacted in cooperation with federal legislation and certification by the United States Secretary of Labor. Section 3 of the Law, 43 P.S. § 752 (Historical and Statutory Notes). See also 42 U.S.C. § 503.

—— Pa.Commonwealth Ct. at —— – ——, 656 A.2d at 557 (footnotes omitted). Other differences between the Unemployment Compensation Law and the Workers' Compensation Act are that eligibility for benefits is based on different criteria, *see* Section 4(u) of the Law, Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 753(u) and Section 301(c)(1) of the Act,

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), that unemployment compensation is designed as insurance against the burden of indigence resulting from involuntary unemployment, and worker's compensation is set up to limit tort liability for work-related injuries, and that the referee is the ultimate fact-finding body in worker's compensation but not in unemployment compensation proceedings. *Bortz,* —— Pa.Commonwealth Ct. at —— – ——, 656 A.2d at 557–558.

Our Supreme Court in *Odgers v. Unemployment Compensation Board of Review,* 514 Pa. 378, 387–88, 525 A.2d 359, 363–64 (1987), applied the same type of reasoning as in *Bortz,* holding that a determination by this court under the Public Employees Relations Act (PERA)[2] that a work-stoppage was a strike did not preclude a finding that under unemployment compensation law, the work-stoppage was due to a lockout. It stated that because PERA and the Unemployment Compensation Law embody different policies and involve different rights, a determination under PERA that a work-stoppage was a strike did not collaterally estop litigation on the same factual issue in the unemployment compensation proceeding.[3]

■ While *Bortz* and *Odgers* stand for the general proposition that for collateral estoppel to apply between administrative agencies, there must be a showing that the policies and goals underlying the matter at issue are the same in both proceedings, here, we do not have an unemployment compensation determination that can be the basis of collateral estoppel even if there was a showing that the policies and goals are the same in the worker's compensation and the unemployment compensation proceedings. The decision

2. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2301.

3. In an opinion decided after *Odgers* but which did not discuss it, the Superior Court held that when an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the principle of collateral estoppel will be applied by the courts. *Frederick v. American Hardware Supply,*

384 Pa.Superior Ct. 72, 557 A.2d 779, *petition for allowance of appeal denied,* 523 Pa. 636, 565 A.2d 445 (1989). Although this case is distinguishable here because, as discussed *infra,* there was not an adequate opportunity to litigate the issue before the Job Center representative, as stated in *Bortz* the principle is not applicable where the findings in the two agencies are based on interpretations of statutes with different policies. *Bortz,* —— Pa.Commonwealth Ct. at ——, 656 A.2d at 558.

upon which Employer relies is not entitled to preclusive effect because it was an initial decision of a Department of Labor and Industry's Job Center representative rather than a decision of the Unemployment Compensation Board of Review or a referee.

The Unemployment Compensation Law deals with the finality of decisions made by the Department of Labor and Industry and by the referee and Unemployment Compensation Board of Review in Section 509 of the Law, 43 P.S. § 829. After stating that a decision of the Department of Labor and Industry, of a referee and of the Board of Review is not subject to collateral attack in proceedings on the *same claim for benefits,* Section 509 provides:

> Subject to appeal proceedings and judicial review, any right, fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee or the board or the Court and which has become final shall be conclusive for all purposes of this act and shall not be subject to collateral attack as among all affected parties who had notice of such decision
> . . .

43 P.S. § 829. By omitting decisions of the Department of Labor and Industry in the second portion of the section, the General Assembly made it clear that facts or issues in decisions of the Department are not given the same finality and protection from collateral attack as the findings and legal conclusions of the referee, Board of Review or the courts. *See Samilo v. Commonwealth of Pennsylvania, Insurance Department,* 98 Pa.Commonwealth Ct. 232, 234–35, 510 A.2d 412, 413 (1986) (where some things are specifically designated in a statute, things omitted should be understood as having been excluded; "expressio unius est exclusio alterius").

In *McConnell v. Commonwealth, Unemployment Compensation Board of Review,* 48 Pa.Commonwealth Ct. 516, 409 A.2d 1196 (1980), this court held that a determination of eligibility by an Office of Employment Security which is not appealed is not conclusive as to eligibility for subsequent years.[4] We stated that the final criterion for collateral estoppel, that there has been a full and fair opportunity to litigate the issue in question in the prior action, is not met by a decision of the Office of Employment Security. *Id.* at 518 n. 3, 409 A.2d at 1198 n. 3. Instead, that criterion is met by a proceeding before the referee under Section 502 of the Law, 43 P.S. § 822.[5]

Because the decision of the Department's Job Center does not, as a matter of law, meet the criterion that the party against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issue in question, the Board erred in applying collateral estoppel to the issue of whether Claimant refused the jobs offered by Employer because he was not physically able to perform those jobs in the worker's compensation proceedings.[6] Accordingly, we reverse the order of the Board and reinstate the decision of the referee awarding compensation benefits.

### ORDER

AND NOW, this 21st day of March, 1995, the order of the Worker's Compensation Appeal Board, No. A93–2347, dated March 24, 1994, is reversed.

DELLA PORTA, Senior Judge concurs in the result only.

4. Under Section 401(c) of the Law, 43 P.S. § 801(c), a claimant is required to separately apply for benefits for each benefit year.

5. Comparing Section 501 of the Law, 43 P.S. § 821, governing a determination of compensation by the Department of Labor and Industry and Section 502 of the Law, 43 P.S. § 822, governing decisions of the referee, only before the referee are the parties guaranteed a "reasonable opportunity for a fair hearing". Additionally, it is not required that proceedings before the

Department are recorded whereas records and transcripts are made before the referee. Section 502 of the Law, 43 P.S. § 822; 34 Pa.Code § 101.54.

6. Because we have decided that the Board could not rely on the decision of the Department's Job Center, we will not specifically address the Board's conclusion that the issues in the two proceedings were identical.